Judith E. LIGHTBODY, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 19188.

United States District Court
E. D. Michigan, S. D.

Aug. 16, 1961.

958

James F. Schouman, Detroit, Mich., for plaintiff.

Jay Nolan, Asst. U. S. Atty., Detroit, Mich., for defendant.

KAESS, District Judge.

On February 1, 1949 plaintiff applied to the Department of Health, Education and Welfare for widows' and children's benefits under the Social Security Act. She was then and is still employed by the Grand Trunk Railroad Company. Prior to November 1, 1951, however, such employment was not subject to deductions for Social Security payments, so that, although she reported her employment, she received full benefits as provided by the Act.

Plaintiff, however, continued to receive the full unadjusted payments of Social Security until February 1957, more than five years after Section 5(k) (1) of the Railroad Retirement Act, 45 U.S.C.A. § 228e(k) (1), was amended to permit imposition of deductions under the Social Security Act, for an individual engaged in railroad service for compensation. After a hearing before a referee of the Social Security Administration, plaintiff was adjudged, in a decision dated November 28, 1958, to have been overpaid $3,337.20 for the period from November 1951 to February 1957 and was further required to pay $56.10 as a penalty. After a review by the Appeals Council of the Social Security Administration was denied, Judge Arthur F. Lederle of this District Court remanded for further administrative action. The Appeals Council, after a further hearing before an examiner, waived overpayments for the period from November 1951 through October 1952 and found the amount due, because of overpayment, to be $2,789.60, and that the penalty was proper.

There is no controversy concerning the amounts involved nor the fact that overpayments were made. The only question is one involving the waiver provision of the Social Security Act, which provides:

"There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is *without fault* * * * and where adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C.A. § 404(b) (emphasis added.)

The Appeals Council found that after the change in the law concerning railroad employees, informational "stuffers" were enclosed with the monthly benefit checks, beginning in January 1952. These "stuffers" were included with the checks by mechanical means. However, since the enclosures prior to December 1952, representing payment for the month of November 1952, made no specific mention of deductions effective November 1951 because of employment covered by the Railroad Retirement Act, the Board found that plaintiff received these payments "without fault", and waived nonpayment since it would defeat the purpose of the Social Security Act. However, beginning with the November 1952 payment, the "stuffers" included the information that work for a railroad, beginning November 1951, would cause benefits to be withheld. This "stuffer" was included with three payments. After an additional change in the

law, all recipients to Social Security payments were further informed that they were required to report all earnings over $1,200 a year, whether covered by the Act or not.

Plaintiff admits she received some of these "stuffers" and was found to have had sufficient intelligence to understand them. Since she did not report her income for the period of time beginning with the payment for the month of November 1952, the Appeal Board concluded that "the record tends to support the inference that the claimant knowingly withheld information which she knew, or should have known, to be material to the question of receipt of her benefits." Therefore, it was concluded that plaintiff was not "without fault" and the overpayments may not be waived and the penalty was proper.

Both parties argued the case on the basis of the legal sufficiency of the evidence and have filed cross-motions for summary judgment.

■ The nature and extent of judicial review in a proceeding of this kind is limited in scope. The findings of fact in all cases must be conclusive if they are supported by "substantial evidence". 42 U.S.C.A. § 405(g). Applying this standard is as difficult as obtaining an exact definition, and probably for that reason. It has, however, been stated that "evidence is 'substantial' if it is the kind of evidence a reasonable mind might accept as adequate to support a conclusion." John W. McGrath Corp. v. Hughes, 2 Cir., 1959, 264 F.2d 314, at page 316.

■ After a review of the entire file, we hold that it was reasonable for the Appeals Council to find that plaintiff did not receive overpayments "without fault". Plaintiff cannot hide behind the fact that she had in the beginning informed the Administration of her railroad employment and was told at that time that she was exempt from deductions. It would certainly be an impossible imposition to require that the government alone check and be responsible for the affairs of all those persons applying for benefits. It is to protect against such a burden that the so-called "stuffers" were included with the benefit payments.

Plaintiff certainly may not be guilty of any actual fraud or "bad faith". However, the Appeals Council could reasonably conclude from the notices and plaintiff's apparent ability to understand them, that she should have realized that her income was no longer exempt as a deduction, and, at a later date, that she was required to report income over $1,200 from all sources.

Therefore, we hold that there is substantial evidence in the record to support the Secretary's findings and inferences which he drew therefrom. Defendant's motion for summary judgment is granted and the decision of the Appeals Council is affirmed. A proper order may be submitted.