**Thomas Guy MORGAN, Sr., Plaintiff-Appellant,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 19524.**

United States Court of Appeals, Sixth Circuit.

April 2, 1970.

Thomas G. Morgan, Jr., Henderson, Tenn., for appellant.

J. F. Bishop, Atty., Dept. of Justice, Washington, D. C., for appellee, William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief.

Before WEICK, PECK and COMBS, Circuit Judges.

COMBS, Circuit Judge.

The District Judge upheld a decision by the Secretary of Health, Education, and Welfare that Thomas Guy Morgan, Sr., had received $6,274.90 in overpayments of old-age insurance benefits and that deductions in subsequent payments should be imposed until that amount is recovered. Morgan, who is now seventy-seven years old, was during the period 1961–1964 a general agent in Tennessee for Pierce National Life Insurance Company. He received income from three sources: commissions on policies sold by him personally; commissions on policies sold by sub-agents; and renewal commissions on policies sold in previous years.

In January, 1961, Morgan wrote to the Department of Health, Education, and Welfare and inquired whether he was eligible for Social Security benefits. He enclosed a copy of his contract with the insurance company, and stated he intended to retain his status with that company and collect the renewal commissions to which he was entitled under his contract. The contract listed the three sources of income received by Morgan. He later filed a Social Security "Application of Old-Age Insurance Benefits." In March, 1962, he filed with the Social Security Administration an annual report of earnings for 1961, showing net income of $1,196.00. In an accompanying letter, he stated that total commissions paid him by the company from all sources amounted to $8,165.70. He again enclosed a copy of his contract and offered to provide further information if requested. The Administration informed Morgan by letter that, since his annual report showed he had "worked and earned" only $1,196.00 in 1961, he was entitled to $2,178.00 in benefits. Morgan filed annual reports for 1962, 1963, and 1964 showing net income of less than $1,200.00. For these years he included in his gross receipts only first year commissions on policies sold personally by him. He received payments from the Administration until November, 1965, at which time he was advised he had been receiving excessive payments; that the overpayment could not be waived; and that deductions from subsequent payments would be imposed.

The Social Security Act provides for reduction of old-age insurance benefits if a working recipient earns more than $100.00 (now $140.00) per month. 42 U.S.C. § 403(b) (f). The Administration's determination that Morgan received excessive payments is based on the fact he was self-employed and renewal commissions on policies sold in prior years should have been included as earned income. A ruling of the Administration provides that insurance renewal commissions received by a *self-employed* person will be considered as being earned during the year they are received. Renewal commissions received by an *employee* will be considered as having been earned the year when the policy was sold.

The Hearing Examiner found that Morgan was an employee and therefore concluded that renewal commissions

should not be considered as earnings within the meaning of the Act. The Appeals Council declined to accept the Examiner's finding on this point and held that Morgan was self-employed. Hence, the finding that he has been overpaid.

The District Judge expressed reservations about the soundness of the Appeals Council's findings of fact but affirmed under the substantial evidence rule. Our consideration of the evidence convinces us that the question is close and reasonable minds could differ. But we find substantial evidence to support the Appeals Council's conclusion that Morgan was self-employed. We therefore accept the finding that Morgan received overpayment in the amount found by the Secretary.

It is argued for Morgan that, even though he may have received overpayment, the excess should be waived under 42 U.S.C. § 404(b), which reads:

"In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

In order to come within the waiver provisions of this section, a recipient must show, first, that he is without fault and, second, that recovery would defeat the purposes of the Act or would be against equity and good conscience.

The Appeals Council found that Morgan was not without fault. If there is substantial evidence to support this finding, it becomes unnecessary to determine whether recovery would be against equity and good conscience or would defeat the purposes of the Act. We have reviewed the evidence carefully and are of the opinion that, even though the Appeals Council's finding is not free from doubt, there is substantial evidence to support it.

It is undisputed that Morgan listed as income on annual reports filed with the Administration only first year commissions on policies sold personally by him, whereas on his federal income tax returns he included renewal commissions on old policies as well as commissions received from sales by sub-agents. It is also undisputed that "stuffers" enclosed with Morgan's Social Security checks directed that income from all sources should be included in annual reports. His failure to list all of his income on his annual report no doubt led the Claims Authorizer into the error which resulted in overpayment.

It is argued for Morgan that freedom from fault by him is demonstrated by the fact he submitted a copy of the contract to the Administration and agreed to furnish such additional information as was desired. We would agree that this removes the taint of bad faith, but it does not necessarily establish freedom from fault within the meaning of the Act or preclude a finding of honest mistake on the part of both Morgan and the Administration. The Claims Authorizer who first approved payments to Morgan erred in failing to analyze all the information which Morgan had submitted. This is admitted in inter-departmental communications as follows:

Statement of J. W. Conrad, Chief of Reconsideration Branch, as of August 23, 1966: "We were in error in accepting his annual reports of earnings for 1961 and 1962 as correct when we were on notice that he had other commissions than those reported * * * "

Statement by William O. Edmunds, Claims Authorizer, as of September 10, 1965: "Due to a misinterpretation by a claims authorizer * * *, Mr. Morgan was put on the rolls January 1961 on [sic]. This was an error in claims since there has never been any question of Mr. Morgan's self-employment status."

Even though the Administration was at fault in making the overpayment, this

does not bring Mr. Morgan within the terms of the waiver statute unless he, himself, is free from fault. Social Security Regulation 20 C.F.R. § 404.507 (1967 Ed.).

We conclude from the evidence before us, as did the District Judge, that, even though the Administration was at fault in authorizing the overpayment to Morgan, he was also at fault in accepting it.

The jugment is affirmed.