Jerome J. MILLER, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

No. 69 Civ. 1321.

United States District Court, S. D. New York.

Oct. 28, 1971.

Harry Gold, Kingston, N. Y., for plaintiff.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for defendants, by T. Gorman Reilly, New York City, of counsel.

GURFEIN, District Judge.

This action was brought to recover old age insurance benefit payments under § 202(a) of the Social Security Act, 42 U. S.C. § 402(a) (1970). The plaintiff applied for benefits under the Act, and although he was found qualified to receive such benefits, deductions were taken for those months in which the plaintiff's hours of work exceeded limits prescribed by the regulations. The plaintiff's request for reconsideration of that determination resulted in further deductions based upon plaintiff's hours of work.

At the plaintiff's request a hearing was held at which the hearing examiner heard testimony and examined documentary evidence pertaining to the plaintiff's claim. The hearing examiner decided that deductions were properly imposed against the plaintiff's old age insurance benefits for the months in question and that recovery of overpayments to the plaintiff could not be waived. The plaintiff's request for review to the Appeals Council of the Social Security Administration was denied on February 4, 1969. Thus having exhausted his administrative remedies, the plaintiff properly brought an action in this Court.[1] 42 U.S.C. § 405(g). Both the defendant and the plaintiff move for judgment on the pleadings and on the transcript of the record.

The Act provides for deductions to be made from old age benefit payments on the basis of an individual's self-employment income, 42 U.S.C. § 403(b), except for any month "in which such individual did not engage in self-employment" 42 U.S.C. § 403(f) (1) (Supp. II, 1965–66), as amended, 42 U.S.C. § 403(f) (1) (1970). An individual is presumed to be engaged in self-employment until he shows that he rendered no "substantial services" in the months in question § 403(f) (4) (A). Regulations issued pursuant to 42 U.S.C. § 403(f) (4) define "substantial services" 20 C.F.R. §§ 404.446, 404.447.

■ The hearing examiner found that the plaintiff rendered substantial services during the months in question and that he was, therefore, liable for certain deductions. There is no dispute over the facts. The central issue is whether certain of the plaintiff's activities were related to his dental practice for purposes of determining whether the plaintiff rendered substantial services in those months.

The amount of time devoted to the trade or business is the first factor to be considered. 20 C.F.R. § 404.447(a). When an individual devotes more than 45 hours per month to his trade or business,

"the individual's services are substantial unless it is established that the individual could reasonably be considered retired in the month and, therefore, that such services were not, in fact, substantial." 20 C.F.R. § 404.447(a) (2).

The following facts were developed by the hearing testimony and the documents:

1. The plaintiff's office, which is located at his home, was open two and one-half days per week during the contested months for a total of 17½ hours per week.

2. The plaintiff employed a dental assistant during those hours who received telephone calls and made appointments, assisted the plaintiff at the

---

1. 42 U.S.C. § 405(g) provides, in pertinent part:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

chair, maintained patients' records and was responsible for billing in addition to duties such as pouring molds or models.

3. Between appointments the plaintiff could not leave his home for any extended period because he had to be available for other scheduled appointments.

4. The plaintiff was a member of a Dental Study Club which met nine months out of the year, each session lasting from three to three and one-half hours including travel time.

5. On his tax returns the plaintiff listed as expenditures incurred in connection with "good will and entertainment" certain cocktail parties and dinners attended by patients and others.

■ These facts were cited by the hearing examiner as support for his conclusion that the plaintiff devoted himself to his practice in excess of 45 hours per month. Such a conclusion is based on substantial evidence. 42 U.S.C. § 405(g); Isham v. U. S. and Secretary of H. E. W., Unempl. Ins. Rep. ¶ 15,784 (E.D.N.Y.1970).

The regulations provide that:

"the time devoted to a trade or business includes all the time spent by the individual in any activity, whether physical or mental, at the place of business or elsewhere in furtherance of such trade or business. This includes the time spent in advising and planning the operation of the business, making business contacts, attending meetings, and preparing and maintaining the facilities and records of the business." 20 C.F.R. § 404.447(a).

The fact that the plaintiff had to be available to his office during two and one-half days each week is in itself evidence that he devoted time to his practice far in excess of 45 hours per month. During office hours the plaintiff's den-

tal assistant was in attendance and could be described as "preparing and maintaining the facilities and records of the business" in accordance with the plaintiff's instructions and directions. The plaintiff's activities with the Dental Study Club could reasonably be characterized as time spent "attending meetings." The fact that the plaintiff claimed income tax deductions for the cocktail parties and dinners is also entitled to some significance. Cf. Morgan v. Finch, 423 F.2d 551, 553 (6 Cir. 1970).

■ Even if it were found that the plaintiff worked less than 45 hours per month the hearing examiner's conclusion would bind this Court. At the relevant times the regulations provided that:

"an individual who worked only 20 hours [2] in a month might nevertheless be found to have rendered substantial services if he was * * * engaging in a highly skilled occupation." 20 C. F.R. § 404.416a(a) (1) (1967).

Dentistry is certainly a highly skilled occupation. The hearing examiner noted the regulation which provides that:

"[t]he more highly skilled and valuable his services in self-employment are, the more likely the individual rendering such services could not reasonably be considered retired." 20 C.F.R. § 404.447(b).

Thus the conclusion that the plaintiff rendered "substantial services" during the months in question must stand.

The plaintiff contends that even if there is a finding that he rendered substantial services in these months, the overpayments made to him may not be recovered because he is without fault and such recovery would be against equity and good conscience. 42 U.S.C. § 404(b).

The hearing examiner found that the plaintiff knew or should have known

---

2. The hearing examiner referred to "15 hours" as that regulation is *currently* worded. 20 C.F.R. § 404.447(a) (1).

that (1) maintaining and staffing an office for the hours involved; (2) taking business deductions for "good will and entertainment" expenses; and (3) attending professional meetings was evidence of time spent in furtherance of the practice of dentistry and should have been reported as part of the plaintiff's representations to the Social Security Administration. The hearing examiner found that the overpayments resulted from the plaintiff's misrepresentation of time spent in furtherance of his self-employment activities.

An individual is not without fault where he has failed "to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check." 20 C.F.R. § 404.511.[3] The hearing examiner heard the plaintiff's oral testimony and in that respect was in a better position than is this Court to determine whether the plaintiff was at fault in causing the overpayment. There is substantial evidence to support the finding that the plaintiff was at fault within the meaning of the regulations.

Accordingly, the hearing examiner's decision that an overpayment exists and that the plaintiff was not without fault in the creation of the overpayment is affirmed. The Government's motion for judgment on the pleadings is granted.

3. The hearing examiner cited 20 C.F.R. § 404.507, which provides that "fault" may result from "[f]ailure to furnish information which he knew or should have known to be material." But that regulation by its terms does not apply to "deduction overpayments." However, the applicable provision, 20 C.F.R. § 404.511(a) does recognize the need to consider the situation of the individual claimant:

"The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has been exercised by an individual to warrant a finding that he was without fault in accepting a 'deduction overpayment.' "

See Gruver v. Secretary of H.E.W., 138 U.S.App.D.C. 201, 204, 426 F.2d 1195, 1198 (1970).

It should also be noted that a finding that the plaintiff is not "without fault" does not mean that the plaintiff has acted in bad faith. Honest mistake may amount to "fault." See Morgan v. Finch, 423 F.2d 551, 553 (6 Cir. 1970).