822 F.2d 59
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary H. DOAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5956
 United States Court of Appeals, Sixth Circuit.
 July 7, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Mary H. Doan appeals the decision of the district court denying her motion for summary judgment in this social security benefits action. For the following reasons, we AFFIRM the district court opinion.
 
 
 2
 Plaintiff filed an application for disability insurance benefits on August 13, 1969, alleging disability beginning in November, 1968. Her claim was denied initially and upon reconsideration. After a hearing, the ALJ found that plaintiff was entitled to a closed period of disability beginning November 4, 1968, and ending May 30, 1971, with benefits terminating July 31, 1971. After the termination date, plaintiff received an additional check which she returned to her local Social Security office. In October, 1971, she received another determination returning her check and 'reinstating' benefits. The monthly payments were not stopped and plaintiff continued to receive and negotiate checks sent to her through March, 1979.
 
 
 3
 In April, 1979, plaintiff was advised that she had been overpaid and that she should refund the overpayment. Upon remand, the ALJ found that: 1) plaintiff was overpaid benefits; 2) plaintiff was at fault in receiving and accrediting the overpayment; and 3) that recovery of the overpayment could not be waived. The Appeals Council and the district court affirmed this decision.
 
 
 4
 The only issue before this court is whether substantial evidence supports the Secretary's decision. Plaintiff's burden of proof in an overpayment case is to show that she was 'without fault' in connection with the overpayment, and that recovery would defeat the purpose of Title II of the Act or be against equity and good conscience. Morgan v. Finch, 423 F.2d 551 (6th Cir. 1970). The question of fault is one of fact and as such is subject to the substantial evidence standard of review. Id. Furthermore, the finding of 'fault' in the context of an overpayment case does not imply a finding of bad faith or improper motive, but can be the result of an honest mistake. Id. at 553.
 
 
 5
 Under the applicable statutory provision, what constitutes fault on the part of the overpaid individual depends upon whether the facts show that the incorrect payment resulted from: (a) an incorrect statement made by the individual, which she knew or should have known to be incorrect; or (b) failure to furnish information which she knew or should have known to be material or (c) with respect to the overpaid individual only, acceptance of payment which she either knew or could have been expected to know was incorrect. 20 C.F.R. Sec. 416.552 (1983).
 
 
 6
 In the present case, there is no dispute that plaintiff was overpaid $21,971.10 for the period of August, 1971 through March, 1979. Both the hearing decision as well as the award certificate entified plaintiff that disability benefits would end in the month of July, 1971. Moreover, this letter was addressed to her personally and properly. Finally, at the administrative hearing before the ALJ plaintiff stated that she did not remember receiving the form[1] until she ran across it looking for other papers; thus, indicating that she did not rely upon it.
 
 
 7
 Accordingly, for the reasons stated here and in the district court's decision, we AFFIRM the decision of the Honorable Eugene E. Siler, Jr., denying plaintiff's motion for summary judgment.
 
 
 
 [1]
 Plaintiff asserts that she justifiably relied on an undated form signed by C.C. Hall, Assistant Bureau of Disability. This form is noted 'reason for action-returned check, type of action-reinstatement'. The note mentions regular monthly benefits of $173.20, and a notation that the net amount of the next check would be $519.60 and that it would pay her through October, 1971. Plaintiff asserts that this notice led her to believe her benefits were not supposed to be terminated. However, plaintiff ignores other equally important evidence that she received notification which clearly indicated that her disability award was only for a limited time and would end