Roy C. Hayes, U.S. Atty. by Karl I. Overman, Asst. U.S. Atty., Detroit, Mich., for defendant.

**Gladys J. STALLINGS, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 86–CV–75352–DT.**

United States District Court, E.D. Michigan, S.D.

Oct. 28, 1987.

## MEMORANDUM AND ORDER

COHN, District Judge.

This is an action for review of the Secretary's decision to deny waiver of recovery of an overpayment to plaintiff. 42 U.S.C. 405(g). A Magistrate recommends that the Court deny plaintiff's motion for summary judgment. Plaintiff objects. For the following reasons, the Court accepts the Magistrate's Report and Recommendation and will enter judgment in favor of the Secretary.

### I.

#### A.

Plaintiff applied for Mother's Insurance Benefits in 1973, shortly after the death of her husband. She began receiving benefits

thereafter. In 1983, it was determined that plaintiff had been overpaid $8,642.50 due to unreported income for the years 1978–1982. After a *de novo* hearing, an Administrative Law Judge (ALJ) denied waiver of recovery of the overpayment. The ALJ found that plaintiff was not without fault in causing the overpayment. The ALJ, taking into account plaintiff's intelligence and education, found that plaintiff had notice that she was required to report her income.

After plaintiff filed for review, a Magistrate recommended that plaintiff's motion for summary judgment be denied. In finding that the Secretary's decision was supported by substantial evidence, the Magistrate noted plaintiff's intelligence and education. The Magistrate also determined that the "stuffers" enclosed with plaintiff's benefit checks detailing income reporting obligations put plaintiff on notice that she was obligated to report her income. Consequently, the Magistrate recommended that the Court affirm the Secretary's decision denying waiver of recovery of the overpayment.

### B.

Plaintiff claims that the Magistrate misapplied the law regarding the subjective test which is used to determine whether plaintiff was without fault in the overpayment. Plaintiff also claims that the Magistrate incorrectly stated certain critical facts.

### C.

The Secretary in response says that plaintiff did not exhibit a high degree of care in dealing with the agency. The Secretary says that subjective factors, such as plaintiff's intelligence, education and ability to understand the "stuffers" were taken into account in his decision to deny waiver.

### D.

The Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Richardson v. Pe-*

*rales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In determining whether the evidence is substantial, the court must take into account whatever in the record fairly detracts from its weight. *Beavers v. Secretary of H.E.W.,* 577 F.2d 383, 387 (6th Cir.1978). Finally, the Court must review *de novo* those portions of the Magistrate's Report and Recommendation to which plaintiff objects. 28 U.S.C. § 636(b)(1). The fact that the Magistrate may have misstated some of the facts is therefore of no consequence.

### II.

### A.

At the administrative hearing, plaintiff testified that she applied for Mother's Insurance Benefits 8 days after the death of her husband. She said she did not fill out the application herself; the Social Security officer asked her questions and wrote her responses on the application. Plaintiff testified that she did not know income had anything to do with the amount of benefits she would receive. Plaintiff remembers being questioned about her income, but does not recall being told that if her earnings exceeded the stated amount she would be required to report her income. Plaintiff said that she was told she would continue to receive benefits until her last child reached 18 or she remarried. Plaintiff also stated that she did not receive a copy of the application or any other information from the agency before benefits began. Plaintiff stated that she did receive "stuffers"— notices and pamphlets concerning her responsibilities which were enclosed with her benefit checks. Plaintiff stated that she thought the information did not apply to her so she disregarded the notices.

At the time plaintiff applied for benefits, she was working part-time for the United Methodist Church. At the administrative hearing, plaintiff testified that she was also working as a social worker for the Detroit Board of Education. While she was receiving benefits, plaintiff completed her undergraduate degree and also earned a masters degree.

## B.

■ To be entitled to waiver of recovery of an overpayment, plaintiff must first establish that she is without fault and second, establish that recovery would defeat the purposes of the Act or would be against equity and good conscience. 42 U.S.C. § 404(b); *Morgan v. Finch*, 423 F.2d 551, 553 (6th Cir.1970). If plaintiff is at fault in causing the overpayment, it becomes unnecessary to determine whether recovery would be against equity and good conscience or would defeat the purposes of the Act. 423 F.2d at 553. Plaintiff has the burden of proof to show that she is without fault within the meaning of the Act. *Sierakowski v. Weinberger*, 504 F.2d 831 (6th Cir.1974).

The regulations at 20 C.F.R. § 404.511 provide:

An individual will *not* be "without fault" if the Administration has evidence in its possession which shows either a lack of good faith *or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration*.... The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of the individual payees are to be considered.... (emphasis added)

Section 404.507 provides that in determining whether plaintiff is without fault, the agency must consider:

[A]ll pertinent circumstances, including his age, intelligence, education, and physical and mental condition. What constitutes fault ... depends upon whether the facts show that the incorrect payment resulted from:

. . .

(b) failure to furnish information which he knew or should have known to be material....

## III.

### A.

■ The Court concludes that the Secretary's decision is supported by substantial evidence. The Secretary's decision manifests a thorough analysis of plaintiff's subjective factors in determining that she was not without fault. The ALJ noted that although plaintiff did not read the application or receive a copy of it, she was still charged with notice of its contents. *See Adelman v. Califano*, Umpl.Ins.Rep. Transfer Binder (CCH) January 1980–September 1980 16,766 (D.D.C.1979). Plaintiff's state of mind after applying for benefits was carefully considered. The ALJ found that plaintiff did not receive any other information explaining her obligations prior to the first payment, but once her benefit checks began she received a number of "stuffers." Although plaintiff did not remember receiving stuffers specifically concerning the duty to report income, she stated that if she had she would have ignored them because she didn't think they applied to her. Because plaintiff's obligation to report her income was clearly set forth in the application and plaintiff, obviously literate, had the capacity to understand the "stuffers", the Secretary determined that plaintiff had notice that she was required to report her income. In failing to report her income, plaintiff breached the duty imposed on her to act with a high degree of care. This breach is a sufficient basis for the Secretary's determination that plaintiff was not without fault for the overpayment. *Lightbody v. Flemming*, 197 F.Supp. 957 (E.D.Mich.1961).

### B.

Plaintiff's arguments are not well taken. Considering plaintiff's education and intelligence, if she did not read the application or receive written information about her reporting obligations prior to the commencement of benefits, the "stuffers" should have at least put her on notice that she *may* have been required to report her income. As the record stands, plaintiff dis-

regarded important information simply because she could not remember the Social Security officer mentioning a reporting obligation.

For the reasons stated above, plaintiff's motion for summary judgment is DENIED and summary judgment is GRANTED in favor of defendant. Defendant shall present an appropriate form of judgment.

SO ORDERED.