53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ENOMA SOLOMON ERIBO Defendant-Appellant.
 No. 93-6464.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1995.
 
 Before: CELEBREZZE, KEITH and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Enoma S. Eribo, was indicted by the United States District Court for the Western District of Tennessee. A five count superseding indictment was filed charging defendant on counts one and five with violating 18 U.S.C. Sec.1001, making false statement to the Social Security Administration (SSA); on counts two and three with violating 18 U.S.C. Sec.1546(b)(3), making false statements on an employment eligibility form; and, count four charged defendant with violating 18 U.S.C. Sec.1001, making false statements to the Immigration and Naturalization Service (INS). Defendant pleaded not guilty. After a trial by jury, defendant was found guilty on all counts. Defendant was sentenced to six months imprisonment followed by a period of two years supervised release. Defendant filed a timely Notice of Appeal.
 
 I.
 
 2
 Defendant is a citizen of Nigeria. He originally came to the United States as a student by virtue of a J-1 visa. Under J-1 status, if he wished to become a permanent citizen, defendant would first have to obtain permanent residence status for five years. He also was required to return to Nigeria for a two year foreign residence requirement as part of the conditions of the program which he was participating in through the auspices of the Nigerian government. Under this program, he attended college in the United States while his expenses were paid for by Nigeria. Furthermore, he was not permitted to work except as necessary to fulfill the educational requirement of his schooling. These requirements were imposed to ensure that he returned home where his education would be of advantage to Nigeria in return for their capital investment in him. In rare circumstances, the foreign residence requirement could be waived.
 
 
 3
 In October, 1982, Eribo attempted to circumvent the foreign residence requirement by becoming a citizen of the United States. This was done through his alleged marriage to Dorothy Banks. This was, however, proven to be a sham marriage done only for the purpose of defrauding the INS. Eventually, the couple obtained a divorce.
 
 
 4
 On April 10, 1990, defendant applied for a social security card. He claimed to be a student. The SSA employee, Ms. Beale, contacted INS who determined defendant was lying about being a student and was misrepresenting the facts. Defendant was informed by SSA that his application had been denied. Defendant reapplied for a social security card in 1992, this time indicating he was a "conditionally legalized alien allowed to work." Under his J-1 status, however, Eribo was restricted from working and never obtained a waiver of the foreign residency requirement. In fact, in 1991, defendant had been arrested by the INS for working illegally.
 
 
 5
 In December, 1991, defendant made an application for temporary resident status with the INS in which he stated that he had never been arrested while in the United States. This despite the fact that he had been arrested by the INS. Furthermore, he also had previous arrests for DWI, reckless driving, speeding, grand larceny and passing bad checks.
 
 
 6
 Additionally, in June 1980, defendant applied for employment at Proctor & Gamble. He was aided in this endeavor by an employment recruiter, Madison Personnel. He stated to both Madison Personnel and Proctor & Gamble that he was a citizen of the United States. In fact, at both locations, he filled out a form attesting that, under penalty of perjury, he was a citizen of the United States.
 
 II.
 
 7
 Defendant contends that the evidence against him was insufficient as a matter of law to support a conviction. Specifically, defendant argues that the issue of the two year residency requirement is confusing and he gave the INS "reasonable and plausible" explanations why he believed he was entitled to a waiver of his foreign residency requirement. It should be noted that defendant's argument is limited to his convictions under 18 U.S.C. Sec.1001.
 
 This court has recently held as follows:
 
 8
 A violation of 18 U.S.C. Sec.1001 for the making of a false statement or representation requires: (1) the making of a statement; (2) the falsity of such statements; (3) knowledge of the falsity of such statement; (4) relevance of such statement to the functioning of a federal department or agency; and (5) that the false statement was material.
 
 
 9
 United States v. Hixon, 987 F.2d 1261, 1266 (6th Cir. 1993) (citations omitted).
 
 
 10
 The standard of review for claims of insufficient evidence is whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. United States v. Harris, 8 F.3d 493, 502 (6th Cir. 1993) quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). A defendant raising a sufficiency argument bears a "'very heavy burden."' Id. quoting United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.) cert. denied, 476 U.S. 1123 (1986).
 
 
 11
 In the case at bar, defendant merely argues that he had offered a reasonable explanation, to-wit: the foreign residency requirement was confusing and defendant acted in good faith when he stated that he had obtained a waiver of the foreign residency requirement. The jury, however, did not believe his testimony.
 
 
 12
 The jury was presented with testimony showing defendant's false statements that he was a foreign student and allowed restricted employment when defendant attempted to receive a social security card. There was also evidence of defendant's statement, also to the SSA, that he was a conditionally legalized alien allowed to work and that the foreign residency requirement was waived. Thus, there was ample evidence introduced at trial demonstrating the falsity of defendant's statements.
 
 
 13
 There was also testimony at trial about the two employment forms on which defendant stated he was a citizen of the United States. Clearly, defendant had never received citizen status.
 
 
 14
 Finally, there was the application for resident status made to the INS wherein defendant stated that he had never been arrested. Yet, defendant had numerous arrests including an arrest by the INS.
 
 
 15
 The jury was within its prerogative to disbelieve defendant in the face of the overwhelming evidence against him. The jury apparently found that defendant was not confused but was blatantly being untruthful. Accordingly, when viewing the evidence in a light most favorable to the prosecution, it cannot be said that defendant's conviction was not supported by sufficient evidence.
 
 III.
 
 16
 Defendant next contends the district court judge could have sentenced him to probation, but was unaware of that ability. Hence, defendant argues the district court erred by not considering the possibility for a downward departure and argues the case must be remanded for re-sentencing.
 
 
 17
 A review of the record demonstrates, however, the falsity of defendant's claim. The district court first noted that the guidelines required him to impose a sentence of six to twelve months. The court then stated that there were no factors that were not already taken into account to support a downward departure. The court stated it would impose a minimum sentence but that home detention was not one of the possibilities acceptable for a variety of reasons, including defendant's status as deportable.
 
 
 18
 Defendant, on appeal, noted that under U.S.S.G. Secs.5b1.1 AND 5c1.1, probation may be authorized. He argues, therefore, that the district judge erred because he stated that probation was not authorized in his case. The above referenced statutes, however, only allow probation if combined with home detention or a similar type of confinement. Since the district judge determined that home detention would not be prudent for this defendant, probation was not an option. Contrary to defendant's assertions, the district court did consider all of the factors in imposing its sentence.
 
 
 19
 This court has consistently held that where the guideline range was properly computed, the district court was aware of its discretion to depart, and the sentence imposed was not in violation of the law or based on an incorrect application of the Guidelines, failure to depart is not cognizable on appeal. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir. 1990), citing 18 U.S.C. Sec.3742(a).
 
 IV.
 
 20
 The Order of the District court is hereby AFFIRMED.