**Richard CENTER, Plaintiff-Appellant,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 647, Docket 82–6099.

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1983.

Decided April 4, 1983.

Richard Center, pro se.

Jo Davis, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Miles M. Tepper, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before PIERCE, WINTER and PRATT, Circuit Judges.

PER CURIAM:

Richard Center appeals from an order of the United States District Court for the Eastern District of New York, Joseph M. McLaughlin, J., entered March 25, 1982, granting Secretary Richard Schweiker's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) based upon the Report and Recommendation of Magistrate John L. Caden and dismissing the complaint.

On January 12, 1979, appellant was awarded Supplemental Security Income (SSI) benefits retroactive to July 1, 1978 while he was a patient at the South Beach Psychiatric Center in the amount of $444.20 per month. On March 8, 1979, he filed a statement requesting that his SSI benefits be terminated because he had begun to receive a disability pension from the United States Government of more than $700 per month, a sum in excess of the maximum allowable income level for SSI eligibility. Appellant was informed on June 1, 1979 that he was not entitled to SSI benefits because he had been receiving civil service annuity payments. Thus, he was told to return $3,109.40 in SSI overpayments. This amount had been credited by the U.S. Social Security Administration (SSA) to the New York State Department of Social Services (NYSDSS) which, in turn, retained $1096.00 and forwarded the balance of $2013.40 to appellant. Appellant acknowledges that he received a check in that amount.

Appellant requested a hearing of SSA, which was held on August 29, 1979. The Administrative Law Judge's findings, which became the final decision of the Secretary, were that Center: (1) had received an overpayment; (2) was not at fault in receiving $1096.00 and did not have to repay that amount; and (3) was not without fault in receiving and failing to refund the remainder of the overpayment, $2,013.40, and did have to repay that amount.

Appellant brought this action under sections 1631(c)(3) and 205(g) of the Social Security Act, as amended, 42 U.S.C. § 1383(c)(3) (1976) and 42 U.S.C. § 405(g) (1976 and Supp. IV 1980) to review the Secretary's final determination. Appellee moved in the district court for an order affirming the Secretary's decision and granting judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In a Report and Recommendation to Judge McLaughlin, Magistrate John L. Caden found that appellant had received a check for $2013.40 in retroactive benefits after March 30, 1979 and deposited it in his savings account. He concluded that substantial evidence [1] existed to support the Secretary's conclusion

1. Under Section 205(g) of the Act, 42 U.S.C. § 405(g) (1976 and Supp.IV 1980), findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

that this amount must be repaid, and recommended that the court grant the Secretary's motion for judgment on the pleadings, which the district judge did.

Under Section 1631(b) of the Social Security Act, 42 U.S.C. § 1383(b) (1976 and Supp. IV 1980), the Secretary may require a person who has received an overpayment to refund the amount paid in excess of the correct amount. The recovery of an overpayment by the Secretary will be waived only if the recipient can show: (1) that he was without fault and (2) that recovery would defeat the purpose of the Act or would be inequitable. *Id.* Fault may be found if the recipient: (1) makes a statement which he knows or should have known to be incorrect; (2) fails to furnish information which he knows or should have known to be material; or (3) accepts a payment which he knew or could have been expected to know was incorrect. 20 C.F.R. § 416.552 (1982). No showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault. *Morgan v. Finch,* 423 F.2d 551 (6th Cir.1970). The fact that the SSA may have been at fault in making the overpayment does not relieve the recipient from liability for repayment if the recipient also was at fault. 20 C.F.R. § 416.552 (1982); *Morgan,* 423 F.2d at 553–54. Here, the appellant was not entitled to receive SSI benefits since he was receiving Civil Service Annuities in excess of the unearned income level as set forth in the Act and regulations. 42 U.S.C. § 1382(a) (1976); 20 C.F.R. § 416.1146 (1982). The Secretary concluded that appellant *was not* at fault in receiving the $1,096.00 of incorrectly paid retroactive SSI benefits since at the time he filed the application for benefits he was psychiatrically impaired and had no knowledge that he was receiving Civil Service Annuity payments. However, the Secretary concluded that appellant *was* at fault in receiving the $2013.40 amount, and is liable for repayment of that amount.

The record reflects that appellant was aware of his responsibility to return SSI checks: he admitted at his hearing that he had instructed his father to do so; he filed a statement with SSA on March 8, 1979, in which he requested that SSI benefits be terminated and stated that he had returned the February and March checks; he mentioned that he had not received the retroactive check for $3109.40 and had signed a "non-receipt stop payment" form at a local office of the SSA.

Appellant argues that he did not know that he was not entitled to keep the check for $2013.40 which he received from the NYSDSS because it did not appear on its face to be an SSI payment. Appellee counters that the check was accompanied by a notice of repayment of interim assistance from NYSDSS indicating that the original check for $3109.40 had been sent to the NYSDSS; that $1096.00 had been deducted; and that the balance was enclosed. Thus, appellee argues, the letter clearly indicated that the check was for retroactive SSI benefits despite the fact that it did not have any SSI designation on its face. Appellant claims that he did not receive this notice. In any event, lack of this knowledge on the part of appellant would not excuse him from his obligation to reimburse. *See* p. 679 *supra; Morgan,* 423 F.2d at 553 (honest mistake may be sufficient to constitute fault).

We conclude that the Secretary's findings and conclusions were supported by substantial evidence and therefore the judgment of the district court must be affirmed.