**Karen MYERS, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 87 Civ. 6549 (JFK).**

United States District Court, S.D. New York.

Jan. 11, 1989.

**46**

DC 37 Municipal Employees Legal Services Plan, New York City (Janice Howard, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Kathleen A. Zebrowski, Sp. Asst. U.S. Atty., of counsel), for defendant.

## OPINION AND ORDER

KEENAN, District Judge.

Plaintiff commenced this action under Section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (the "Secretary"), holding that plaintiff was at fault in accepting overpaid Social Security benefits and therefore the Secretary had not waived recovery of the overpayment.

The action is before the Court upon plaintiff's motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), reversing the determination of the Secretary on the ground that the decision was not supported by substantial evidence. The defendant opposes the application and cross-moves for judgment on the pleadings. For the reasons stated below, the plaintiff's application is granted and the defendant's application is denied.

## BACKGROUND

In July, 1985 Karen Myers filed an application for mother's insurance benefits, children's insurance benefits on behalf of Kenneth and Kristin Myers, and a lump sum death benefit based on the earnings record of her former husband, Bernard Myers (Tr. 61–64, 70–72), who died on June 22, 1985. Plaintiff had been married to Bernard Myers from August 3, 1965 until they divorced on September 15, 1980. Kenneth and Kristin are their offspring. Plaintiff and her children began receiving benefits in July, 1985.

On August 8, 1985, the Social Security Administration ("SSA") notified plaintiff that she and her children's benefits might be reduced because a second application for widow's and children's benefits, and a lump sum death benefit had been filed by Rose M. Myers on behalf of herself and her two children (Tr. 93). Unknown to plaintiff, Rose Myers had married Bernard Myers on August 13, 1982.

Plaintiff filed a timely protest to the notice of possible reduction (Tr. 94–97). On October 22, 1985, however, the SSA informed plaintiff that her social security benefits had been adjusted because it had accepted Rose Myers' and her childrens' claims. Thus plaintiff was notified that her monthly benefits were reduced by one-

half to $200.50, effective July, 1985, when Rose Myers had filed her application. This notice also informed plaintiff that she had been overpaid $603.00 and her children had been overpaid $730.50 each in social security benefits (Tr. 98–101), amounting to a total overpayment of $2,064.00.

Plaintiff requested a reconsideration of the reduction of benefits and the overpayment determination (Tr. 103). On February 20, 1986 plaintiff's request was denied. The SSA determined that Rose Myers and her children were also entitled to Bernard Myers' survivors benefits because Rose had been his lawful wife and her children were Bernard's step-children and were living with Bernard at the time of his death (Tr. 105–108).

Plaintiff then requested a hearing to review her claim (Tr. 109). On June 25, 1986 plaintiff withdrew her opposition to awarding benefits to Rose Myers and her children and requested a hearing limited to a determination of whether plaintiff was entitled to a waiver of recovery of overpayment (Tr. 119). A hearing was held on July 30, 1986 before Administrative Law Judge ("ALJ") Mary Cerbone.

The ALJ considered the case *de novo* and, on October 24, 1986, found that plaintiff and her children were overpaid $1,431.00 in benefits and waived recovery of $804.00 of the overpayment for July and August, 1985 (Tr. 30–34). On March 2, 1987 the ALJ amended the decision to reflect that plaintiff had in fact been overpaid $1,461.00 in benefits and that recovery of $804.00 of the overpayment was waived.

On April 23, 1987 the Appeals Council granted plaintiff's request for review of the hearing decision. The Appeals Council found that because the ALJ did not include a $255.00 lump sum death payment, $603.00 in mother's insurance benefits and $603.00 in children's insurance benefits paid to plaintiff's two children, the correct amount of the overpayment was $2,064.00 (Tr. 12–14). Recovery of $858.00 of the overpayment was waived, because plaintiff was found to be without fault regarding the payment of the lump sum death benefit and the monthly benefits for July, 1985.

The Council further found that plaintiff was unable to afford to repay the $858.00. The Council did conclude, however, that plaintiff was not without fault in accepting the overpaid monthly benefits for August and September, 1985 because plaintiff should have been informed by the August 8, 1985 notice that Rose Myers was entitled to widow's and children's benefits. Thus recovery of $1,206.00 paid in August and September was not waived (Tr. 3–8).

## DISCUSSION

 The Secretary's determination that plaintiff is not without fault is conclusive if supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "Substantial evidence" has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427.

The sole issue for determination here is whether there is substantial evidence to support the Secretary's finding that plaintiff was not without fault in accepting benefits for August and September, 1985.

Plaintiff does not dispute that she and her children received an overpayment from the SSA in August and September. She quarrels, however, with the assertion that she was at fault in accepting those overpayments.

42 U.S.C. 404(b) provides that the SSA may not recover for overpayment of benefits "from any person who is without fault if such ... recovery would defeat the purpose of this subchapter or would be against equity and good conscience." An overpaid person is at fault when an overpayment resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. *See Chlieb v. Heckler*, 777 F.2d 842, 846 (2d Cir.1985). Here, plaintiff was not entitled to full insurance benefits for July, August and September 1985 because another claimant filed in July, 1985 what proved to be a valid application for insurance benefits. The Secretary concluded that plaintiff was at fault in accepting August and September's full benefits. This conclusion rests solely on plaintiff's receipt of a notice of possible overpayment, dated August 8, 1985 (Tr. 93). As is explained below, this notice does not support a finding that plaintiff was at fault under section 404(b).

An analogous situation was addressed in *Adams v. Secretary of Health and Human Services*, 653 F.Supp. 249 (C.D.Ill. 1986). The notice sent to the claimant in *Adams* was substantially similar to that sent to the plaintiff here. The only noteworthy variance here, except for differences in verbiage, is that plaintiff was informed that any benefits incorrectly paid out to her between the time of receipt of the notice of possible overpayment and the SSA's final determination would be considered as part of any determined overpaid benefits. The *Adams* Court, finding the purported notice of possible reduction of benefits to be wholly contingent and tentative, ruled that the claimant was not at fault in accepting overpayments before the SSA's final determination. *See Adams*, 653 F.Supp. at 252–53.

In *Adams*, the Court emphasized that the "plain language of the first paragraph" of the notice indicated "that the actual determination of [claimant's] ineligibility had not been made at that point." *Id.* at 252. Here, the first paragraph in plaintiff's notice advises that benefits *"may"* be reduced (Tr. 93) (emphasis added). In both cases, "[t]he agency then reemphasizes the tentative nature of its finding by indicating that there is still time for plaintiff to present 'additional evidence for consideration.'" *Adams*, 653 F.Supp. at 252. In short, there is absolutely nothing in the SSA's August 8, 1985 notice to plaintiff that would have led her to believe that she would be at fault in accepting full benefits pending a final determination of Rose Myers' claim.

The Secretary attaches great significance to that portion of the August 8, 1985 notice which informs plaintiff that "any difference in payment received ... until a formal determination is made, will also be considered as part of your overpayment of benefits." (Tr. 93). The *Adams* Court was troubled by the omission of a statement to this effect. *Adams*, 653 F.Supp. at 253. This position, however, diverts the proper focus of the Court's analysis and is disingenuous.

Undoubtedly, plaintiff was on notice that the SSA intended to include any benefits plaintiff received pending a final determination of Rose Myers' claim in the amounts it would seek to recover as overpayments. But whether plaintiff was on notice is not the issue in assessing whether she was "at fault" in accepting benefits payments for August and September, 1985. *See* 20 C.F. R. § 404.507. The regulation defining fault for purposes of § 404(b) was obviously adopted to enable the Secretary to recoup overpayments from claimants with access to some clear indication that they were not presently entitled to the benefits they accepted. This is a vital and sensible goal. Under the applicable statutes and regulations, however, its attainment may not be effected through the use of a notice which heralds a possible future reduction in benefits while purporting to retain the right to retrieve any benefits paid pending the final determination of the reduction.

█ The Secretary correctly points out that "[n]o showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault." *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir.1983). The subjective state of mind of plaintiff is not relevant to the Court's inquiry. The question here is whether, possessed of the information imparted in the August 8, 1985 letter, "it may fairly be found that [p]laintiff was 'without fault'" in accepting full bene-

fit checks in August and September, 1985. *Adams,* 653 F.Supp. at 252. Based on its review of the record, the Court concludes that the Secretary's finding that plaintiff was at fault in accepting those checks is not supported by substantial evidence.

If the plaintiff is found to be without fault, the Secretary must proceed to consider whether recovery would defeat the purpose of Title II or be inequitable and against good conscience. *See* 42 U.S.C. § 404(b). The plaintiff bears the burden of establishing this second requirement to waiver of recovery of overpayments. *See Valente v. Secretary of Health and Human Services,* 733 F.2d 1037, 1042 (2d Cir. 1984).

Section 404.508 of the Secretary's regulations states that requiring a refund would defeat the purposes of the Act when the refund would "deprive a person of income required for ordinary and necessary living expenses." Because the Appeals Council found that plaintiff was without fault in causing any overpayments she or her children received before August, it considered whether recovery of this overpayment would be inequitable and against good conscience. The Appeals Council found:

> The figures show that when the seasonal variations in income and expenses are considered, the adjusted household expenses consume all of the family's income. Therefore the Appeals Council finds that recovery of $858.00, the portion of the overpayment for which the claimant was not at fault, is waived as repayment would increase their financial hardship and defeat the purpose of Title II of the Social Security Act. (Tr. 7).

If waiver of recovery of $858.00 was required to effectuate the purpose of Title II, then, *a fortiori,* waiver of recovery of $1,206.00 is also in accord with the purpose of Title II.

## CONCLUSION

The decision of the Secretary denying waiver of recovery of $1,206.00 in benefits is not supported by substantial evidence and is reversed. The case is remanded to the Secretary for the sole purpose of calcu-

lating benefits. The case is ordered removed from the active docket of this Court.

SO ORDERED.