923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel R. THOMAS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2058.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1990.
Decided Jan. 23, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-89-334-A)
 Alan Steven Shachter, Manassas, Va., for appellant.
 Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa. (Argued), for appellee; Eileen Bradley, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Henry E. Hudson, United States Attorney, Dennis E. Szybala, Assistant United States Attorney, Alexandria, Va., on brief.
 E.D. Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Samuel R. Thomas appeals a judgment of the district court affirming the administrative denial of his request for a waiver of repayment of excess social security disability payments because he was not without fault. We find that the denial is supported by substantial evidence, and we therefore affirm.
 
 
 2
 While receiving workers' compensation benefits, Thomas applied for and was granted disability benefits. Both before and after the Social Security Administration (SSA) granted him benefits, Thomas received notice that his workers' compensation benefits would affect the amount of his disability benefits. When Thomas received his first disability check for back benefits, he consulted a SSA claims representative who informed him that he was not entitled to the full amount of the check. Thomas nonetheless cashed that check and all other disability checks he received, resulting in a $10,024.50 overpayment during a five month period.
 
 
 3
 The SSA subsequently became aware of the overpayment and reduced Thomas's disability checks to recover the money. The agency denied Thomas's request for a waiver of repayment pursuant to 42 U.S.C. Sec. 404(b), and an administrative law judge held that Thomas was not without fault in causing the overpayment. The Appeals Council denied review. Thomas then appealed to the district court, which affirmed the denial of waiver.
 
 
 4
 Although the SSA errs whenever it overpays a beneficiary, that error does not relieve the beneficiary of liability for repayment if the beneficiary was also at fault. 20 C.F.R. Sec. 404.507 (1990). The Social Security Act permits waiver of overpayment only if the beneficiary can demonstrate both that he is without fault and that recovery of the overpayment would defeat the purpose of Title II or would be against equity and good conscience. 42 U.S.C. Sec. 404(b) (1988). Neither good faith nor the absence of bad faith suffices to establish that the overpaid individual is without fault. Center v. Schweicker, 704 F.2d 678, 679-80 (2d Cir.1983). The Act's implementing regulations indicate that an overpaid individual is at fault if he accepted a payment "which he either knew or could have been expected to know was incorrect." 20 C.F.R. Sec. 404.507(c) (1990).
 
 
 5
 Substantial evidence supports the administrative decision that Thomas either knew or could have been expected to know that he was being overpaid.
 
 
 6
 AFFIRMED.