**Esther MINUARD, Plaintiff,**

v.

**Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. 91–CV–334A.

United States District Court, W.D. New York.

Dec. 11, 1992.

Cynthia A. Eyler, Niagara County Legal Aid Society, Inc., Niagara Falls, NY, for plaintiff.

Dennis C. Vacco, U.S. Atty., (James P. Kennedy, Asst. U.S. Atty., of counsel), Buffalo, NY, for the government.

## ORDER

ARCARA, District Judge.

This matter was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B), for report and recommendation on defendant's motion for judgment on the pleadings. Magistrate Judge Heckman filed a Report and Recommendation on August 11, 1992 denying defendant's motion and reversing the Secretary's determination that plaintiff is not entitled to a waiver of recovery of overpayment of Supplemental Security Income ("SSI"). Defendant objects to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has made a *de novo* review of the Magistrate Judge's Report and Recommendation. The Court has also reviewed the record and the submissions of the parties.

Upon *de novo* review, the Court adopts the proposed findings and recommendations for the reasons stated in Magistrate Judge Heckman's Report and Recommendation, denies defendant's motion for judgment on the pleadings and reverses the Secretary's determination that plaintiff is not entitled to a waiver of recovery of the overpayment of SSI benefits.

It is so ordered.

REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, I recommend that the District Court deny the Secretary's motion for judgment on the pleadings and reverse his determination that Plaintiff is not entitled to a waiver of recovery of overpayment of Supplemental Security Income ("SSI") benefits.

FACTS

This case presents a blatant illustration of misapplication of rules designed to protect SSI recipients. The Plaintiff has an IQ of 71, which places her in the lower end of the borderline mentally retarded range of intellectual ability. Although she has a fourth grade education, her math, spelling and reading are on the second grade level.

On November 9, 1988, after reviewing the medical evidence in the record and presented at the hearing before him, Administrative Law Judge ("ALJ") Grenville W. Harrop, Jr. found that Plaintiff was disabled within the meaning of the Social Security Act (the "Act") with a "severe" combination of mental and physical impairments preventing her from performing her past relevant work or engaging in any other form of substantial gainful activity (T. 32–36)[1].

As a result of this determination, Plaintiff received retroactive SSI benefits from March 11, 1987 through December, 1988 in the amount of $9,097.16, and began receiving monthly payments of $454.00 in January, 1989 (T. 378). However, in or about May, 1989, Plaintiff was advised that she had been overpaid by the amount of $1,125.80, because of nominal earnings she had received between January 1988 and March 1989 while working at the local United Cerebral Palsy Association in a "sheltered workshop" setting (T. 411). Plaintiff's request to waive recovery of the overpayments was denied, as was Plaintiff's request for reconsideration (T. 387–90; 420–22).

Plaintiff requested a hearing to review the denial of her waiver request (T. 26). The hearing was held on July 2, 1990, before ALJ Simon J. Nash. Plaintiff appeared and testified at the hearing (T. 48–71) accompanied by a paralegal from Niagara County Legal Aid Society.

On July 25, 1990, ALJ Nash issued a decision finding that Plaintiff was overpaid by $1,155.31, and denying Plaintiff's waiver request (T. 12–16). The ALJ found no evidence in the administrative record to substantiate Plaintiff's claim that she had informed the Social Security Administration ("SSA") that she was employed at the workshop at the time she filed her application for SSI benefits (T. 15). In direct contradiction to the findings of ALJ Harrop, ALJ Nash found that Plaintiff's mental impairment was only "slight," and that she was at fault in failing to report this "employment."

Based on these findings, ALJ Nash upheld SSA's denial of Plaintiff's request for waiver (*id.*). This decision became the final decision of the Secretary when the Appeals Council denied review on March 18, 1991 (T. 6–7). Plaintiff filed the instant action

[1]. References are to the administrative transcript ("T") filed by the Secretary as part of his Answer to the Complaint herein.

on May 23, 1991 seeking review of the Secretary's final decision. Item 1. The Secretary has moved for summary judgment.

## DISCUSSION

The Act provides for recovery or adjustment by the Secretary of overpayments of benefits, as follows:

Whenever the Secretary finds that more ... than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall ... be made by appropriate adjustments in future payments to such individual or by recovery from such individual....

\*      \*      \*      \*      \*      \*

The Secretary ... shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoid penalizing such individual ... who was without fault in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity and good conscience, or (because of the small amount involved) impede efficient or effective administration of this subchapter....

42 U.S.C. § 1383(b)(1)(A), (B) (1992). The Secretary's regulations further provide:

Waiver of adjustment or recovery of an overpayment of SSI benefits may be granted when ...:

(a) The overpaid individual was without fault in connection with an overpayment, and

(b) Adjustment or recovery of such overpayment would either:

(1) Defeat the purpose of title XVI, or

(2) Be against equity and good conscience, or

(3) impede efficient or effective administration of title XVI due to the small amount involved.

20 C.F.R. § 416.550 (1992). Furthermore, in determining whether an individual is without fault for the purpose of allowing a waiver of recovery of overpayment, the Secretary is to consider "all the pertinent circumstances surrounding the overpayment in the particular case ...," 20 C.F.R. § 416.552 (1992), including:

the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e.g., age, comprehension, memory, physical and mental condition).

*Id.*

■ According to the regulations, although the finding of fault depends on the circumstances in the particular case, an individual will be found to have been at fault when an overpayment resulted from one of the following: (a) the individual's failure to furnish information which the individual knew or should have known was material; and (b) an incorrect statement made by the individual which she knew or should have known was incorrect; or, (c) the individual did not return a payment which she knew or could have been expected to know was incorrect. *Id.; see Center v. Schweiker,* 704 F.2d 678, 680.

■ The Secretary's determination that a claimant is at fault is a factual one that must be upheld if it is supported by substantial evidence in the record as a whole. *Howard v. Secretary of Health and Human Services,* 741 F.2d 4, 8 (2d Cir.1984). Substantial evidence is defined as evidence which a " 'reasonable mind might accept as adequate to support a conclusion'." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991).

■ Upon review of the record before me, I find that the Secretary's conclusion is not supported by substantial evidence. To the contrary, the very notion of "fault"

would appear to be meaningless in a case such as this. As mentioned above, Plaintiff's IQ is only 71. She is receiving disability based on her borderline retarded status, and she was working for very limited wages (some $2.50/hr.) at a "sheltered workshop." To expect the Plaintiff, who reads at a second grade level, to fill out all SSA forms fully and accurately is unreasonable. To then penalize her for errors which, though small to the Government, place her under extreme economic stress further aggravates an unfortunate situation.

Moreover, the record contains several indications that the SSA had sufficient information regarding Plaintiff's employment before it at the time ALJ Harrop determined Plaintiff's eligibility for SSI benefits. A psychological report by Dr. Thomas C. Dickinson, dated June 3, 1987, refers to "a vocational program at CVRC in Niagara Falls," which Plaintiff mentioned during her interview (T. 311). Further, a report by Dr. George S. Parlato dated September 10, 1987, describes Plaintiff as a "part-time employee menial worker who states that she has been working at the local cerebral palsy association for the past several months doing odd jobs from 9 a.m. until 2:30 p.m." (T. 335). The record also contains a report dated November 9, 1987 from Christine A. Foster, a vocational evaluator at CVRC, which comments on Plaintiff's performance in "a personal adjustment training program" (T. 341). Ms. Foster prepared another report dated February 19, 1988 indicating that Plaintiff entered a "sheltered employment program" on February 26, 1988 (T. 352–60). Indeed, ALJ Harrop referred specifically to Ms. Foster's reports in his November 9, 1988 eligibility determination, finding that Plaintiff's placement in personal adjustment training programs and in "a sheltered workshop situation" did not rise to the level of substantial gainful activity (T. 34–35). The record as a whole thus does not support the Secretary's finding that Plaintiff failed to be "forthright and honest in her dealings with the Administration" (T. 16).

 I further find that the Secretary erred as a matter of law by not considering all of the relevant circumstances pertaining to Plaintiff's case. The Secretary should have considered Plaintiff's IQ, her mental disability, and the nature of Plaintiff's part-time job as pertinent circumstances.

Accordingly, I recommend that the District Court deny the Secretary's motion for judgment on the pleadings, and reverse his determination that Plaintiff is not entitled to a waiver of recovery of overpayment of SSI benefits.

August 10, 1992