Maria PERALTA, on behalf of Alvin PERALTA, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. 01–CV–1990.

United States District Court, E.D. New York.

June 4, 2002.

Marc A. Grodsky, Metuchen, NJ, for plaintiff.

Kathleen Mahoney, Assistant U.S. Attorney, Brooklyn, NY, for defendant.

### *ORDER*

GERSHON, District Judge.

Plaintiff Maria Peralta ("Peralta") brings this action on behalf of her son, Alvin Peralta ("Alvin"), pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). She seeks review of the final determination by the Commissioner of Social Security ("Commissioner") refusing to waive the overpayment of Supple-

mental Security Income ("SSI") benefits to her on Alvin's behalf. Both Peralta and the Commissioner move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Peralta applied for and received SSI benefits on behalf of her then-minor son effective August 1992. In September 1997, the Social Security Administration ("SSA") conducted a continuing disability review and determined that Alvin was no longer disabled as of September 3, 1997. The SSA notified Peralta that it had found Alvin to be no longer disabled and that his last SSI payment would be for November 1997. The written notice advised Peralta that she could appeal the cessation determination and that she could continue to receive SSI payments pending appeal, as long as she requested an appeal within 10 days. The notice also advised her, "If you lose the appeal, you might have to pay back some or all of this money. However, we may decide that you do not have to pay the money back." Administrative Transcript ("Tr.") at 78.

Peralta timely filed a request for reconsideration of the cessation determination on September 16, 1997. In an accompanying "Statement of Claimant or Other Person" form, Peralta indicated that she wished to continue benefit payments pending appeal by checking one of several boxes and signing the form. Towards the top, the form stated, in pertinent part:

> I understand that, if I lose my appeal, I will be asked to pay this money back, including all checks received after my period of disability ended (2 months after the cessation date), through the month such benefits were received if the appeal is not decided in my favor. I understand that I will have the right, however, to ask that I not be required to pay the money back based on Social Security regulations.

*Id.* at 82. Further down the page, just before the check boxes regarding benefits continuation and Peralta's signature, the form stated, "I acknowledge that I understand my responsibilities and that I have been given a copy of this signed statement regarding my choice of benefit continuation options." *Id.*

A hearing officer reviewed the evidence and met with Peralta and Alvin on February 23, 1998. In the reconsideration decision, the hearing officer affirmed the determination that Alvin's disability had ceased and that he was no longer entitled to benefits after November 1997. Plaintiff was sent a notice informing her of this decision and of her right to appeal by requesting a hearing before an Administrative Law Judge ("ALJ"). Like the prior notice, this notice informed Peralta that she could continue to receive benefits pending appeal as long as she requested an appeal within 10 days. Also like the prior notice, this notice informed Peralta. "If you lose your appeal, you might have to pay back some or all of this money." *Id.* at 113.

Peralta timely filed her request for a hearing on April 8, 1998. She again elected to have Alvin's SSI benefits continued pending the appeal. To indicate this decision, she checked a box on another "Statement of Claimant or Other Person" form identical to the one she had previously executed and signed the form at the bottom. The form thus contained the same language indicating that "I understand that, if I lose my appeal, I will be asked to pay this money back," and stating that "I acknowledge that I understand my responsibilities." *Id.* at 119.

After a hearing on December 11, 1998, ALJ Joseph Pachnowski issued a decision dated February 4, 1999, finding that Alvin was no longer disabled as of September 1997. The notice provided to Peralta ex-

plained her right to appeal but did not permit her to request benefits continuation. Peralta timely requested review of the ALJ's decision by the SSA's Appeals Council. By letter, the Appeals Council denied review, rendering ALJ Pachnowski's decision the final decision of the Commissioner on cessation of benefits.

By notice dated March 25, 1999, the SSA informed Peralta that, because she was ultimately unsuccessful on appeal, it considered the $4,853 in SSI benefits that she had elected to continue receiving pending appeal to constitute an overpayment. The notice further stated that the SSA would not waive collection of that amount. The notice indicated that Peralta was not without fault in being overpaid and noted that she had signed statements at the time she had requested payment continuation acknowledging that the benefits would have to be repaid if she did not succeed on appeal. Peralta requested reconsideration of this waiver decision; on reconsideration, the SSA again found that Peralta was not without fault and that the overpayment could not be waived.

Peralta appealed further by requesting a hearing before an ALJ. She and Alvin appeared before ALJ Lucian Vecchio on August 20, 1999, and Peralta testified using the services of a Spanish interpreter.[1] Peralta testified that, although she had been in the United States for "around 31 years," she did not speak English very well, "hardly" read English, and didn't "understand it much." *Id.* at 17.

Peralta explained her request for benefits pending appeal by testifying,

> When I went to Social Security, the woman who assisted me said that since you're going to appeal, do you want—do you want to continue, continue receiving the checks up until you have the appeal? So I responded, well, if you think that they're going to continue sending it, that's fine. She said, sign this paper. She gave me a paper to sign, I signed it and I left.

*Id.* at 16. Peralta testified that the SSA employee did not read or explain the "paper" to her or inform her that she might be required to repay the amounts she received. Peralta also testified that she did not ask anyone at the SSA office what the document said, even though she knew that there were employees in the office who spoke Spanish and was aware of the importance of signing documents in the United States. She could not explain why she did not think of asking someone in the SSA office to translate the document for her. Peralta testified that Alvin later read the document for her.

On September 22, 1999, ALJ Vecchio issued a decision finding that Peralta was not without fault in causing the overpayment and that recovery of the overpayment thus could not be waived. Judge Vecchio's decision became the Commissioner's final decision when the Appeals Council denied Peralta's request for review on March 6, 2001. Peralta thereafter time-

---

1. It does not appear that Peralta used a Spanish interpreter at her prior ALJ hearing, although the record is not entirely clear. In contrast to the transcript of the ALJ Vecchio hearing, the transcript of the ALJ Pachnowski hearing did not list an interpreter as making an appearance or being sworn in, nor did it record any discussion about the interpreter's translation or Peralta's understanding of English. *Compare id.* 7–23 *with id.* 65–73. On the other hand, the transcript does record a dialogue between the ALJ and an interpreter near the start of the hearing:

> INT: Are you going to swear her in?
> ALJ: Yes.
> INT: Should I continue?

*Id.* 68. Unfortunately, no response to the interpreter's last question is recorded, leaving it unclear whether or not the interpreter assisted Peralta, or was perhaps present but not used.

ly filed this action challenging the Commissioner's decision.

The Social Security Act ("Act") directs that if the Commissioner finds that more than the correct amount of SSI benefits has been paid to or on behalf of an SSI recipient, the Commissioner must recover the amount of the overpayment. 42 U.S.C. § 1383(b)(1). The Act specifically provides that, when an individual elects to continue receiving SSI benefits pending appeal, and the Commissioner affirms the finding that the person is no longer entitled to benefits, the additional benefits paid pursuant to that election shall be considered overpayments. 42 U.S.C. § 1383(a)(7)(B). The Commissioner may, however, waive recovery of an overpayment if she finds that (1) the recipient was without fault; and (2) recovery would defeat the purposes of the Act's SSI provisions, be against equity and good conscience, or impede efficient or effective administration of the SSI program because of the small amount involved. 42 U.S.C. § 1383(b)(1)(B); 20 C.F.R. § 416.550.

■■■ An individual will be found to have been at fault in connection with an overpayment if it resulted from (a) failure to furnish information that the person knew or should have known was material; (b) an incorrect statement made by the individual that she knew or should have known was incorrect; or (c) a situation where an individual kept a payment that she knew or should have known was incorrect. 20 C.F.R. § 416.552. In determining whether a recipient is "at fault," the SSA considers all the circumstances surrounding the overpayment, including the recipient's age, comprehension, memory, physical, and mental condition, and is to "take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual may have." *Id.* No showing of bad faith on the part of the

recipient is required for a finding of fault; rather, an honest mistake may be sufficient to constitute fault. *Center v. Schweiker,* 704 F.2d 678, 680 (2d Cir.1983). The plaintiff has the burden of demonstrating that she is entitled to a waiver. *Id.*

ALJ Vecchio concluded that Peralta was not without fault in incurring the overpayment for two reasons: (1) the duty to repay benefits received pending appeal in case of an ultimately unfavorable determination is "clearly set forth in the [SSA] literature," and there was "no indication that the [SSA] had not duly informed" Peralta of this responsibility; and (2) there was "no indication that Mrs. Peralta ever contacted the [SSA] to clarify the requirements of an individual receiving [SSI] checks under the benefit continuation plan." Tr. at 48. The Commissioner's decision that a claimant was not without fault is a factual determination; as such, I must uphold it if it is supported by substantial evidence in the record as a whole. *Howard v. Sec'y of the Dep't of Health & Human Servs.,* 741 F.2d 4, 8 (2d Cir.1984).

■■ The Commissioner's decision that Peralta was not without fault in receiving an overpayment is supported by substantial evidence. Peralta's argument that she was without fault boils down to two propositions: (1) she did not understand any of the four separate written notifications she received stating that she might have to repay benefits received pending appeal if she did not ultimately prevail, including the two notices that she was required to sign as a condition of continuing to receive payments; and (2) SSA employees failed to advise her verbally that such repayment might be required.

ALJ Vecchio correctly noted that the consequences of electing continued payment of benefits were fully set forth in the documents provided to Peralta.

Whether or not Peralta's English permitted her, unassisted, adequately to understand the import of the "Statement of Claimant or Other Person" form, she could reasonably have been expected to take the steps necessary to gain such an understanding, especially given her testimony that she understood the ramifications of signing documents in this country.[2] *See Soberal–Perez v. Heckler,* 717 F.2d 36, 43 (2d Cir.1983), *cert. denied,* 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984) ("placing the burden of diligence and further inquiry on the part of a non-English-speaking individual served in this country with a notice in English does not violate any principle of due process"). Furthermore, while a regulation in an analogous portion of the Act provides that a claimant is without fault if she receives an overpayment because of reliance on erroneous information from an official source within the SSA, *see* 20 C.F.R. § 404.510a, that regulation is inapposite here, where Peralta relies only on the absence of an explanation by SSA staff, as opposed to an affirmative misstatement. In addition, any such absence of explanation was not unreasonable, since Peralta's testimony indicates that she never asked anyone at the SSA office for an explanation of the "Statement of Claimant" form, even though she knew that some of the employees spoke Spanish. Finally, even construing the record in the light most favorable to Peralta, she at most can prove that she made a good faith mistake in believing that she need not return amounts received pending appeal even if ultimately unsuccessful, but absence of

bad faith does not negate a finding of fault. *Center,* 704 F.2d at 680.

I therefore conclude that the Commissioner's finding that Peralta was not without fault in receiving the overpayment is supported by substantial evidence. Because lack of fault is a prerequisite to waiver of overpayment recovery, the Commissioner's denial of a waiver was appropriate. Defendant's motion for judgment on the pleadings is therefore granted and plaintiff's cross-motion for judgment on the pleadings is denied. The Clerk of Court is directed to enter judgment for defendant.

**SO ORDERED.**

---

2. While defendant questions the credibility of Peralta's representations that her English comprehension is poor, the strength of Peralta's English skills is not a dispositive issue here. Therefore, plaintiff's suggestion that ALJ Vecchio should have made credibility findings is inaccurate, because such findings are necessary only if a credibility determina-

tion is "critical" to determining whether a claimant was without fault. *Valente v. Sec'y of Health & Human Servs.,* 733 F.2d 1037, 1045 (2d Cir.1984). In any event, the record shows that ALJ Vecchio properly took into account the extent of Peralta's facility with the English language. *See* Tr. at 10–12, 17–19.